## WEST SIDE LUMBER CO v SAYLOR

Ohio Appeals, 2nd Dist, Montgomery Co
No 967. Decided Sept. 24, 1930

Ozias & Ozias and W. S. Rhotehamel, all of Dayton, for Plaintiff in Error.

I. L. Holderman, Kreitzer & Ratchford and Charles Dale, all of Dayton, for Defendant in Error.

BY THE COURT

We find no conflict in the decision in this case with any former opinion of this court.

On the application for rehearing counsel for defendant in error urged certain claims respecting the decision. Objection is made to the expressions concerning the claim of waiver.

An examination of the opinion at page 3 discloses that by inadvertence certain errors appear. The term plaintiff in error is used where defendant in error was meant. We purposed to say that the contention of counsel for plaintiff in error concerning the burden of proof on the claim of waiver was upon him who asserted it, namely, the defendant in error, George W. Saylor, and that the Court, having found for Saylor, must have properly applied the rule of evidence relating thereto. However, the plaintiff in error can have no complaint against the holding of this Court concerning the claim of waiver because, as indicated in the opinion, we differed with the trial court on this question and would have held with plaintiff in error in its contention on this matter had it been controlling. We adhere to our former opinion concerning the claim that the judgment for money rendered by Judge White was not determinative of the issue presented between Saylor and the plaintiff in error touching the validity of the lien.

The money judgment for the plaintiff against Holtzmuller and Seibolt was based upon a determination that plaintiff had sold and transferred to them the ownership of the merchandise set up in the account attached to the petition; the place where delivered, though it may have incidently appeared, was not a controlling factor. To this judgment Saylor was not a party, and could not and did not make any defense.

The vital question in this case was whether or not the last delivery of lumber by the plaintiff in error to the building on the real estate described in the petition was made within 60 days prior to the filing of the affidavit. On this question of fact we held that the trial court had the right to determine the case as it did.

We see no reason why we should not adhere to our former decision and this will be done. The motion and application will therefore be overruled.

Kunkle, PJ, Allread and Hornbeck, JJ, concur.